**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Kelcie C., Antonio D., Benjamin M., Tyrone N., and
Jessie H., Defendants,

Of whom Kelcie C. is the Appellant.

In the interest of two minor children.

Appellate Case No. 2011-184866

———————————

Appeal From Union County
Robert E. Guess, Family Court Judge

———————————

Unpublished Opinion No. 2012-UP-471
Submitted July 2, 2012 – Filed July 27, 2012
Withdrawn, Substituted and Refiled August 27, 2012

———————————

**AFFIRMED**

———————————

Melinda I. Butler, of Union, for Appellant.

David Simpson, of Rock Hill, for Respondent.

Amy Richmond Callaway, of Greenville, for Guardian ad Litem.

**PER CURIAM:** This appeal arises out of a dispute over the termination of parental rights (TPR) of a biological mother (Mother) to her youngest two children (the Twins). The family court found clear and convincing evidence supported TPR on the grounds the Twins were in foster care for fifteen of the last twenty-two months, Mother failed to support the Twins, and Mother failed to remedy the conditions that caused removal. On appeal, Mother argues the family court erred in terminating her parental rights when the Department of Social Services (DSS) failed to prove by clear and convincing evidence the TPR grounds of failure to support and failure to remedy the condition that brought the Twins into care. Mother also argues clear and convincing evidence does not show TPR is in the Twins' best interest. We affirm.

The grounds for TPR must be proven by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). "Upon review, the appellate court may make its own finding from the record as to whether clear and convincing evidence supports the termination [of parental rights]." *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 609, 582 S.E.2d 419, 423 (2003). However, despite our broad scope of review, this court is not required to disregard the findings of "the family court, who saw and heard the witnesses, [and] was in a better position to evaluate their credibility and assign comparative weight to their testimony." *Id.* (internal quotation marks omitted). The family court may order TPR upon finding one or more of eleven statutory grounds is met and TPR is in the child's best interests. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2011). "[T]he best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

Mother did not appeal the fifteen of twenty-two months ground and, thus, it is the law of the case. *See Ex Parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 653 (2006) (holding an unappealed ruling of the family court to be the law of the case and required affirmance). As only one ground needs to be proven to terminate parental rights, we decline to address the other two statutory grounds for TPR. *See Loe v. Mother, Father, & Berkeley Cnty. Dep't of Soc. Servs.*, 382 S.C. 457, 469, 675 S.E.2d 807, 813 (Ct. App. 2009) ("In South Carolina, when a child has resided in

foster care for fifteen of the most recent twenty-two months, this ground alone is sufficient to satisfy a statutory ground for TPR.").

We also affirm the family court's finding that TPR is in the Twins' best interest. The case at hand is similar to *Charleston County Department of Social Services v. King,* in which the supreme court found TPR was in the subject child's best interest even though his other siblings, including an autistic child, were returned to their mother.  369 S.C. 96, 104-06, 631 S.E.2d 239, 243-44 (2006).  In *King*, the supreme court emphasized that the child was out of his mother's home for three-and-a-half years and was in the custody of his pre-adoptive foster family for one-and-a-half years.  *Id.* at 106, 631 S.E.2d at 244.  The supreme court further noted the child "was in a loving, stable environment" and, despite regular visitation with his biological mother, the child "had no memory of his biological family."  *Id*.  Moreover, the supreme court noted the child viewed his foster parents as his mother and father and to remove him "clearly would be very traumatic."  *Id.*

This court is not required to disregard the findings of "the family court, who saw and heard the witnesses, [and] was in a better position to evaluate their credibility and assign comparative weight to their testimony."  *Headden*, 354 S.C. at 609, 582 S.E.2d at 423 (internal quotation marks omitted).  "This degree of deference is especially true in cases involving the welfare and best interests of a minor child."  *Morris*, 367 S.C. at 61, 624 S.E.2d at 652.  We acknowledge that the family court's specific findings regarding the best interest of the Twins were limited, and we make the following findings of fact under this court's authority to review the record *de novo*.  *See Headden*, 354 S.C. at 609, 582 S.E.2d at 423.

At the time of the TPR hearing, the Twins' foster family had been caring for them for three years, approximately eighty-seven percent of their short lives.  While Mother's recent progress is laudable, the Twins have developed a long-term and loving relationship with their pre-adoptive foster family.  The Twins have resided with this same pre-adoptive family since they were five months old and have developed a close bond.  The Twins' Guardian ad Litem testified the Twins were very bonded to their pre-adoptive foster family and TPR was in their best interest. Testimony at the hearing showed the Twins consider and call their foster father and his wife their father and mother and that the Twins view the family's other children as their siblings.  The Twins' foster father testified the Twins neither expressed a desire to live with Mother nor to his knowledge ever referred to Mother as their parent.  The Twins' DSS foster care worker also emphasized the significant connection the Twins had with their foster family and expressed doubt as to whether the Twins know Mother as their biological parent.  The Twins' foster

father also testified he viewed the Twins as his own daughters and believed removing them from the "only home they know" would be detrimental and opined TPR was in their best interest.  We find the family court correctly determined that the best interest of the Twins' was that Mother's parental rights be terminated and that they remain with their pre-adoptive foster family.  *See* S.C. Code Ann. § 63-7-2620 (2010) ("The interests of the child shall prevail if the child's interest and the parental rights conflict.").  Accordingly, we find clear and convincing evidence in the record shows TPR is in the Twins' best interest and affirm the decision of the family court.

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**